**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02678-CMA

In re:

DAVID A. MASCIO, d/b/a DM CAPITAL, INC., MASCIO ASSET MANAGEMENT, INC.,
MASCIO ASSET MANAGEMENT, LLC, and
MONICA L. MASCIO,

    Debtors,

DM CAPITAL, INC., f/k/a MASCIO ASSET MANAGEMENT, INC.,
DAVID MASCIO, and MAM CAPITAL, LLC.,

    Appellants,

v.

PAUL GRONEWOLLER and
GRONEWOLLER & ASSOCIATES, INC.,

    Appellees.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

This matter is before the Court on Appellant David Mascio's ("Mascio") appeal of a Bankruptcy Court's Order that awarded damages to Appellee Paul Gronewoller ("Gronewoller") in the amount of $183,641.17. *See In re Mascio*, Bankruptcy No. 03-12994, Adversary No. 03-1482, 2011 WL 4527350, at *4 (Bankr. D. Colo. Sept. 29, 2011) (unpublished). This Court has jurisdiction to review the final orders and judgments of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1), (c)(1) and Fed. R. Bankr. P. 8001(e), 8002.

## I. BACKGROUND[1]

Mascio owned and operated a business called Mascio Asset Management, Inc. ("MAM"), which provided financial and investment advisory services. Gronewoller met Mascio in January of 2000 and they decided to form MAM Capital, LLC ("Capital"), which would be the successor company to MAM and would provide similar services. To capitalize the new company, Gronewoller formed an entity called Gronewoller & Associates, Inc. ("Associates").

Associates and MAM entered into an Asset Purchase and Contribution Agreement (the "Agreement") on October 1, 2000, pursuant to which (1) Associates would purchase a 49% interest in certain MAM assets for $164,640, and (2) the assets would be contributed and assigned to Capital. Associates, through Gronewoller, transferred the $164,640 to MAM on January 1, 2001, as was required by the Agreement.

In this adversary proceeding, Gronewoller claims that he was induced to purchase his 49% stake in Capital by Mascio's fraudulent representations that MAM was worth more than it actually was.[2] On May 13, 2010 the Bankruptcy Court issued

---

[1] This is Mascio's third appeal to the district court in this case, and the second to this Court. In this Court's prior order, issued on March 30, 2011, the Court set forth the relevant facts and the lengthy procedural history of this case. *See In re Mascio*, 454 B.R. 146, 148-151 (D. Colo. 2011). The Court incorporates the background section of its March 30, 2011 Order herein and will provide only those facts necessary to resolve the issue raised in this appeal.

[2] In December of 2001, Gronewoller filed a lawsuit against Mascio in state court. Shortly before that case went to trial, Mascio filed for bankruptcy relief, and Gronewoller commenced this adversary proceeding in June of 2003 under 11 U.S.C. § 523(a).

an order, finding that Gronewoller was entitled to $150,355 in benefit of the bargain damages.[3]  (Doc. # 21-5.)  Mascio appealed.  On March 30, 2011, this Court affirmed the Bankruptcy Court's determination that Gronewoller was entitled to recover benefit of the bargain damages; however, the Court found that the Bankruptcy Court erred when calculating damages by considering evidence of value at times other than the date of purchase.  *See In re Mascio*, 454 B.R. 146, 154 (D. Colo. 2011).  Thus, the Court remanded the case to the Bankruptcy Court for re-calculation of damages, instructing that "Gronewoller should receive 49% of the difference between the actual value of the company and the represented value of the company on the date of purchase."  *Id.*

On remand, the Bankruptcy Court awarded Gronewoller $183,641.71 in damages.  *See In re Mascio*, 2011 WL 4527350, at *4.  Pursuant to this Court's March 30, 2011 Order, the Bankruptcy Court arrived at this damages amount by taking 49% of the difference between the actual value of MAM and the represented value of MAM.  *Id.*  In calculating the actual and represented value of MAM, the Bankruptcy Court used January 1, 2001 – the date that Gronewoller transferred the $164,640 – as the "date of purchase."

---

[3]  Under Colorado law, "the measure of damages in [fraud] cases is the 'benefit of the bargain' rule, designed to give a plaintiff his or her expectation interest for loss of bargain."  *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 677 n.5 (Colo. 1994).  Thus, a plaintiff is entitled to receive "the difference between the actual value of the property and what its value would have been had the representation been true."  *Otis & Co. v. Grimes*, 48 P.2d 788, 791 (Colo. 1935).

## II. DISCUSSION

In this appeal, Mascio's only argument is that the Bankruptcy Court erred by using January 1, 2001 as "the date of purchase."[4]  Mascio contends that October 1, 2000 – the effective date of the Agreement – was the date of purchase and should have been used to calculate damages.  The Court declines to consider the merits of Mascio's argument because the Court agrees with Gronewoller that it is inappropriate for Mascio to raise this argument for the first time on appeal.

The first time that this case was appealed to the district court, the court remanded the case for the Bankruptcy Court to expressly evaluate whether Gronewoller had waived his state law claim of fraud, and to determine the proper measure of damages, if any, on Gronewoller's claim of nondischargeability of Mascio's debt under § 523(a)(2)(A).  *See In re Mascio*, No. 06-cv-01780, 2007 WL 3407516, at *7 (D. Colo. Nov. 13, 2007) (unpublished).  The Bankruptcy Court then issued an order on February 25, 2009, finding that Gronewoller was entitled to benefit of the bargain damages. (Doc. # 21-4.)  Notably, the Bankruptcy Court ordered that the record be reopened "for the limited purpose of allowing the parties to present evidence regarding the value of the investment as represented and the actual value of the investment **in January 2001**." (*Id.* at 13) (emphasis added).  Thus, Mascio knew, or should have known, that

---

[4] Mascio raises three other issues that were raised in the previous appeal to this Court. Mascio asserts that he includes those issues in his opening brief for notice purposes to preserve them for appeal to the Tenth Circuit. (Doc. # 15 at 4.) Thus, the Court will not address those issues in this Order.

4

the Bankruptcy Court was intending to determine the represented and actual values of MAM based on the date of payment in January of 2001.

At the subsequent hearing on damages, held on August 12, 2009, Gronewoller testified that he believed the purpose of the trial was "to provide evidence regarding the value of the investment as represented and the actual value of the investment on January – in January of 2001." (Doc. # 21-2 at 5:9-11.) Despite his knowledge that both Gronewoller and the Bankruptcy Court were using January 1, 2001 as the date of purchase, Mascio never argued that this was error. Rather, during closing statements, Mascio asserted that the actual value of MAM "was higher than what [Mascio] actually represented in August, in October, **and again in January**." (*Id.* at 46:14-17) (emphasis added.)

After the hearing, the Bankruptcy Court issued its order on May 13, 2010, finding that Gronewoller was entitled to $150,355 in benefit of the bargain damages. (Doc. # 21-5.) In that order, the Bankruptcy Court again used January 1, 2001 as the date of purchase. (*Id.* at 8.) Although Mascio appealed the Bankruptcy Court's May 13, 2010 Order on other grounds, Mascio failed to argue that the Bankruptcy Court erroneously used January 1, 2001 as the date of purchase. (*See In re Mascio*, No. 10-cv-01501-CMA, "Opening Brief of Appellant," Doc. # 7.) As a result of Mascio's failure to dispute the date of purchase, this Court used "date of payment" and "date of purchase" interchangeably as the Bankruptcy Court had done throughout this lengthy adversary proceedings.

> [T]he Bankruptcy Court should have looked at the actual and represented value of the company on the **date of payment**. Under Colorado law, Gronewoller is entitled to receive the difference between the actual value of the property at the time of purchase and its value at that time had the representation been true. In the damage calculation, the Bankruptcy Court averaged all of the represented value estimates testified to by Gronewoller without filtering the evidence so that it pertained only to the represented value at the **time of purchase**. Under Colorado law, values prior to or subsequent to the **date of payment** are irrelevant. Although the Bankruptcy Court's decision to average the various represented values is understandable given that Gronewoller testified to numerous values, it was error for the Bankruptcy Court to consider evidence of value at times other than the **date of purchase**.

*In re Mascio*, 454 B.R. at 154 (internal citations and quotation marks omitted and emphasis added).

Thus, January 1, 2001 has consistently been used as the "date of purchase" for the purpose of calculating damages. Mascio never objected to using January 1, 2001 as the date of purchase prior to the instant appeal. As a result, Mascio cannot now argue that January 1, 2001 is not the date of purchase for purposes of calculating damages. *See McDonald v. Kinder-Morgan*, 287 F.3d 992, 999 (10th Cir. 2002) ("It is clear in this circuit that absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal."). As the Tenth Circuit has explained, "a party may not lose in the [trial court] on one theory of the case, and then prevail on appeal on a different theory." *Id.* (quoting Ly*ons v. Jefferson Bank & Trust*, 994 F.3d 716, 722 (10th Cir. 1993). Mascio has not identified any extraordinary circumstances that would justify an exception to the rule that an appellate court should generally refrain from considering arguments raised for the first time on appeal.

Accordingly, the Court will affirm the Bankruptcy Court's order because Mascio's only claim of error – that the Bankruptcy Court erred by using January 1, 2001 as the purchase date – was raised for the first time in this appeal.

## III.  CONCLUSION

For the foregoing reasons, it is ORDERED that the September 29, 2011 Order of the Bankruptcy Court is AFFIRMED.

DATED:  July __12__, 2012

BY THE COURT:

_Christine M. Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge